**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**STEPHEN L. HUGHES,**

      **Petitioner,**                 **CASE NO. 2:10-CV-00632**
                                      **JUDGE GRAHAM**
**v.**                                   **MAGISTRATE JUDGE KING**

**WARDEN, PICKAWAY CORRECTIONAL**
**INSTITUTION,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, Doc. No. 1,  Respondent's motion to dismiss, Doc. No. 5,  Petitioner's response in opposition, Doc. No. 6, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> By a ten-count indictment filed on January 7, 2005, defendant was charged with one count of aggravated burglary, two counts of kidnapping, two counts of attempted murder, two counts of felonious assault, two counts of violating a protection order or consent agreement, and one count of menacing by stalking. Prior to trial, the state dismissed the two counts of felonious assault. The jury found defendant not guilty of both counts of attempted murder and the menacing by stalking charge and guilty on the remaining offenses, including abduction, the lesser included offense of one of the two

kidnapping counts. The trial court sentenced defendant accordingly.[1]

*State v. Hughes*, No. 05AP-1287, 2006 WL 2948077, at *1 (Ohio App. 10th Dist. Oct. 17, 2006). Petitioner filed a timely appeal. On October 17, 2006, the appellate court affirmed Petitioner's convictions, but remanded the case to the trial court for re-sentencing under *State v. Foster*, 109 Ohio St.3d 1 (2006). *Id.* On February 28, 2007, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Hughes*, 112 Ohio St.3d 1493 (2007). On December 6, 2006, the trial court re-sentenced Petitioner, again imposing consecutive sentences on all counts except the aggravated burglary count. *State v. Hughes*, No. 07AP-4, 2007 WL 2039085, at *1 (Ohio App. 10th Dist. July 17, 2007). Petitioner again filed a timely appeal. On July 17, 2007, the appellate court affirmed Petitioner's sentence. *Id.* On December 12, 2007, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Hughes*, 116 Ohio St.3d 1441 (2007).

On July 15, 2008, Petitioner filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). *Exhibit 22 to Motion to Dismiss.* On January 20, 2009, the appellate court denied Petitioner's rule 26(B) application. *Exhibit 24 to Motion to Dismiss*. On April 22, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal as not involving any substantial constitutional question. *Exhibit 27 to Motion to Dismiss.*

On July 13, 2010, Petitioner filed the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution

---

[1] The trial court sentenced Petitioner to seven years for aggravated burglary, seven years for kidnapping, three years for abduction, three years for one count of violating a protection order and nine months for another count of violating a protection order. The court directed that all sentences run consecutively to each other, with the exception of Petitioner's sentence on aggravated burglary, for an aggregate term of thirteen years and nine months incarceration. *See Exhibit 5 to Motion to Dismiss.*

of the United States based upon the following grounds:

> 1.  Ineffective assistance of appellate counsel for failure to raise the issue of the trial court's lack of jurisdiction.  The trial court lacked jurisdiction to adjudicate the charges because the indictment failed to properly allege all the elements of the offenses.
>
> 2. The trial court's application of *State v. Foster* (2006), 109 Ohio St.3d 1, violated Appellant's rights as guaranteed by the Ex Post Facto and Due Process Clauses of the United States Constitution.
>
> 3.  Trial court erred  in its judgment of conviction in finding Appellant guilty of kidnapping where the evidence was legally insufficient to support a conviction and where the conviction was against the manifest weight of evidence.
>
> 4.  Appellant's right to due process of law was violated by the prosecutor's actions and comments which created an unfair trial and amounted to prosecutorial misconduct.

It is the position of Respondent that this action must be dismissed as time-barred.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

3

recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's judgment became final on March 11, 2008, *i.e.,* ninety days after the Ohio Supreme Court's December 12, 2007, dismissal of Petitioner's direct appeal, and when the time to file a petition for a writ of *certiorari* to the United States Supreme Court expired. The statute of limitations then ran for 125 days, until July 15, 2008, when Petitioner filed his Rule 26(B) application in the state appellate court. That application tolled the running of the statute of limitations until April 22, 2009, when the Ohio Supreme Court dismissed Petitioner's Rule 26(B) appeal. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 286 (6th Cir. 2000). The statute of limitations expired 235 days later, on December 13, 2009. It was not until July 12, 2010 that Petitioner executed, through his counsel, his habeas corpus petition.

Petitioner contends that, because the state appellate court considered the merits of his untimely Rule 26(B) application, the statute of limitations did not begin to run again until July 22, 2010, when the time for seeking review by the United States Supreme Court expired. Petitioner bases this contention on his characterization of proceedings under Ohio's Rule 26(B) as part of the direct appeal process. *Petitioner's Memorandum in Opposition,* Doc. No. 6.

Contrary to Petitioner's argument, however, the United States Court of Appeals for the Sixth

4

Circuit has expressly held that an application to reopen an appeal under Rule 26(B) constitutes a collateral matter and is not a part of the direct appeal process.  *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005)(citing *Morgan v. Eads*, 104 Ohio St.3d 142, 147-48 (2004)(holding that a Rule 26(B) application "represents a collateral post conviction remedy and is not part of the original appeal")). Further, the United States Supreme Court has held that, although a state post conviction or collateral proceeding tolls the running of the statute of limitations during the time that the action pends before the state courts, "§2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  *Lawrence v. Florida*, 549 U.S. at 332.   It follows, then, that the Petitioner filed his petition nearly seven months after the statute of limitations expired.

Finally, although the statute of limitations may be equitably tolled under extraordinary circumstances, *see Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010); *Jurado v. Burt*, 337 F.3d 638, 642-43 (6th Cir. 2003), Petitioner does not allege any  circumstances that would justify tolling the running of the statute of limitations for the time period at issue in this case.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that Respondent's motion to dismiss, Doc. No 5, be **GRANTED** and that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit

5

this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                       *s/ Norah McCann King*
                                   Norah McCann King
                                   United States Magistrate Judge

April 5, 2011