**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**STEPHEN L. HUGHES,**

    **Petitioner,**                                  **CASE NO. 2:10-CV-00632
                                                                   JUDGE GRAHAM**
    **v.**                                                 **MAGISTRATE JUDGE KING**

**WARDEN, PICKAWAY CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**OPINION AND ORDER**

On April 5, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (Doc. 5) be granted and that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Respondent has filed a response. After reviewing *de novo* Petitioner's objections and the record, the Court concludes that Petitioner's objections are without merit. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (Doc. 5) is **GRANTED.** This action is hereby **DISMISSED**.

In her *Report and Recommendation*, the Magistrate Judge held that Petitioner's conviction became final and the statute of limitations began to run on March 11, 2008, *i.e.*, ninety days after the Ohio Supreme Court's December 12, 2007 dismissal of Petitioner's direct appeal after re-sentencing. Although Petitioner's July 15, 2008 Rule 26(B) application tolled the running of the statute of limitations, that tolling period ended when the Ohio Supreme Court dismissed Petitioner's appeal in those proceedings on April 22, 2009. The running of the statute of limitations thereupon resumed

and expired on December 13, 2009. Petitioner's July 12, 2010 petition in this Court was therefore untimely.

In his objections, Petitioner again argues that his petition was filed in this Court within one (1) year from the date that his judgment of conviction became final. Petitioner specifically argues that his judgment of conviction did not become final – and the statute of limitations did not begin to run – until July 22, 2010, *i.e.,* ninety days after the Ohio Supreme Court dismissed his appeal in his Rule 26(B) proceedings, when he could have sought review by the United States Supreme Court. In this regard, Petitioner contends that, because the state appellate court reviewed the merits of Petitioner's Rule 26(B) application, those proceedings were part of the direct appeal process. In support of this argument, Petitioner refers to *Lawrence v. Florida*, 549 U.S. 327 (2007).

Petitioner's argument is not persuasive. In *Lawrence*, the United States Supreme Court held that, although the statute of limitations under 28 U.S.C. § 2244(d)(1) does not begin to run until the time for seeking *certiorari* in the direct appeal process has expired, the running of the statute is not tolled under 28 U.S.C. §2244(d)(2) during the pendency of a petition for *certiorari* to the United States Supreme Court seeking review in a collateral proceeding. As noted by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has expressly held that an Ohio state court application to reopen an appeal under Rule 26(B) constitutes a collateral matter and is not a part of the direct appeal process. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005)(citation omitted).

Thus, the statute of limitations expired on December 13, 2009. Petitioner's July 12, 2010 petition in this Court was therefore untimely.

Accordingly, Petitioner's *Objections* (Doc. 11) are **DENIED.** The *Report and Recommendation* (Doc. 8) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Dismiss* (Doc.

5) is **GRANTED**.  This action is hereby **DISMISSED** as untimely**.**

      The Clerk shall enter **FINAL JUDGMENT**.


Date: June 3, 2011                      s/James L. Graham
                                           James L. Graham
                                           United States District Judge